UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GAMEZ, | Case No. CV 16-7526 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

## I. SUMMARY

On October 7, 2016, plaintiff Arthur Gamez filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted as the defendant in this action.

without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 13, 2016 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In March 2013, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability beginning on December 16, 2011, due to carpal tunnel syndrome in both hands, nerve damage to his elbow, and shoulder problems. (Administrative Record ("AR") 22, 188, 196, 262). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on March 6, 2016. (AR 40-80).

On May 4, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 22-34). Specifically, the ALJ found: (1) plaintiff suffered from the following impairments that were severe "at least in combination": bilateral carpal tunnel syndrome, bilateral ulnar entrapment, left shoulder tendinosis, bilateral ganglion cysts, disc protrusions at C5-7, and obesity (AR 25); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 25-26); (3) plaintiff essentially retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[2] (AR 26); (4) plaintiff could not perform any past relevant work (AR 31-32); (5) there are jobs that exist

---

[2]The ALJ determined that plaintiff could (i) push, pull, lift and carry 20 pounds occasionally and 10 pounds frequently; (ii) stand and walk for six hours in an eight-hour workday; (iii) sit for six hours per workday; (iv) do frequent reaching overhead; and (v) do frequent handling and fingering. (AR 26).

2

in significant numbers in the national economy that plaintiff could perform (AR 33); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entitled to "full weight" (AR 30-31).

On August 9, 2016, the Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that he or she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the

3

burden of proof at step five – *i.e.*, establishing that claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

While an ALJ's decision need not be drafted with "ideal clarity," at a minimum it must describe the ALJ's reasoning with sufficient specificity and clarity to "allow[] for meaningful review." Brown-Hunter v. Colvin, 806 F.3d

487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted); see generally 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based"); Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set forth with clarity and specificity). Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted).

        C.    **Evaluation of Medical Opinion Evidence**

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2); Trevizo, 871 F.3d at 675 (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ is required to consider multiple factors when evaluating medical opinions from examining and nonexamining sources, as well as treating source opinions that have not been deemed "controlling." Trevizo, 871 F.3d at 675 (citation omitted). Appropriate factors include (i) "[l]ength of the treatment relationship and the frequency of examination"; (ii) "[n]ature and extent of the

5

treatment relationship"; (iii) "supportability" (*i.e.*, the amount of "relevant evidence" the medical source presents, and the quality/extent of the "explanation a source provides for an opinion"); (iv) "[c]onsistency . . . with the record as a whole"; (v) "[s]pecialization" (*i.e.*, "[whether an] opinion [provided by] a specialist about medical issues related to his or her area of specialty"); and (vi) "[o]ther factors . . . which tend to support or contradict the opinion" (*i.e.*, the extent to which a physician "is familiar with the other information in [a claimant's] case record," or the physician understands Social Security "disability programs and their evidentiary requirements"). 20 C.F.R. § 404.1527(c)(2)-(6); Trevizo, 871 F.3d at 675.

An ALJ may reject the uncontroverted opinion of either a treating or examining physician only by providing "clear and convincing reasons that are supported by substantial evidence." Trevizo, 871 F.3d at 675 (citation omitted). Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Id.

An ALJ may provide sufficient reasons for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." Id. (citation omitted). An ALJ's findings must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a particular treating or examining physician's opinion. Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his [or her] own interpretations and explain why they, rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly rejected portions of medical opinions provided by three physicians, namely (1) Dr. Patricia Hong, one of

6

plaintiff's treating physicians; (2) Dr. John Sedgh, a consultative examining physician; and (3) Dr. John Cook, an examining physician for plaintiff's workers compensation case. (Plaintiff's Motion at 4-9). As discussed below, a remand or reversal is not warranted since the ALJ properly rejected the portions of such opinions that are in issue for specific and legitimate reasons supported by substantial evidence.

### A. Dr. Patricia Hong

The ALJ rejected medical opinions Dr. Hong provided in two separate reports (collectively "Dr. Hong's Opinions"), which opinions the ALJ properly determined were not entitled to controlling weight (*i.e.*, "they [were] controverted by multiple sources"). In a "Medical Source Statement Concerning the Nature and Severity of [Plaintiff's] Physical Impairments" dated October 24, 2013, Dr. Hong essentially opined that plaintiff was capable of performing no more than sedentary work, and specifically that plaintiff (i) could lift and carry 10 pounds or less occasionally, and 20 pounds rarely; (ii) had "significant limitations in doing repetitive reaching, handling, fingering [and] lifting[]"; (iii) was only capable of tolerating "moderate stress"; and (iv) would likely be absent from work "[a]bout 2-3 times per month." (AR 707-10). In a "Medical Source Statement Concerning the Nature and Severity of [Plaintiff's] Manipulative Limitations" dated May 8, 2014, Dr. Hong noted that plaintiff had multiple signs and symptoms that affected his wrists, hands or fingers (*i.e.*, tenderness, pain, muscle spasm, paresthesia, soft tissue swelling, muscle weakness, joint deformity, reduced grip strength, and intermittent tremor/stiffness), and that plaintiff had "chronic numbness and pain in both wrists/hands" and "constant numbness over all the fingertips." (AR 711). Dr. Hong also opined that plaintiff had "significant limitations with reaching, handling, [and] fingering," specifically that during an eight-hour working day plaintiff could grasp, turn, and twist objects with bilateral hands only 10% of the
///

time, do fine manipulation with his fingers only 5% of the time, and do reaching (including overhead) only 5% of the time. (AR 712).

The ALJ properly rejected Dr. Hong's Opinions because they were not supported by the physician's own notes or the record as a whole. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"). For example, as the ALJ noted, while Dr. Hong checked boxes indicating that plaintiff's hands had "muscle spasm" and "joint deformity" (AR 711), the record does not appear to contain (and plaintiff has not pointed to) any objective medical evidence that plaintiff ever experienced such medical signs to any material extent.

In addition, as the ALJ noted, Dr. Hong indicated that plaintiff reported "constant numbness over all the fingertips" (AR 711), but findings from actual clinical examinations of plaintiff's hands repeatedly described plaintiff's hand sensation as "intact." (AR 29) (citing Exhibit 4F at 4 [AR 411]; Exhibit 5F at 4, 29, 72, 73, 82, 83 [AR 422, 447, 490-91, 500-01]); cf. Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may discount medical opinion based "to a large extent" on a claimant's "self-reports" that the ALJ found "not credible") (internal quotation marks and citations omitted); Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 601-02 (9th Cir. 1999) (ALJ may reject medical opinion that is inconsistent with other evidence of record). Also, Dr. Hong opined that plaintiff was limited in his ability to handle stress due, in part, to "anxiety" (AR 709-10) but, as the ALJ noted, the record lacks evidence that plaintiff was ever diagnosed with an anxiety disorder and/or that plaintiff had any

mental impairment which persisted for more than a brief period. (AR 29; see also AR 25 (citing Exhibit 5F at 108, 110 [AR 526, 528]; Exhibit 6F at 58 [AR 625])). Similarly, the ALJ noted that Dr. Hong's very limiting functional assessment was inconsistent with the electrodiagnostic evidence in the case. (AR 29) (citing Exhibit 5F at 13, 30, 64, 87 [AR 431, 448, 482, 505]). In fact, Dr. Hong herself noted, in part, "there is <u>no</u> electrophysiological evidence of a L. cervical radiculopathy; there is <u>no</u> evidence of a carpal tunnel syndrome or cubital tunnel syndrome bilaterally." (AR 431) (emphasis added). See, e.g., Ghanim, 763 F.3d at 1161 ("A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician. . . .") (citations omitted); Valentine v. Commissioner, Social Security Administration, 574 F.3d 685, 692-93 (9th Cir.2009) (finding conflict with treatment notes specific and legitimate reason for rejecting opinion from treating physician).

### B. Dr. John Sedgh

Plaintiff challenges the ALJ's evaluation of a single opinion expressed by Dr. Sedgh in the report of a June 19, 2013 Internal Medicine Consultation (Plaintiff's Motion at 7) – specifically, Dr. Sedgh's opinion that plaintiff's "[g]ross and fine manipulations with either hand should be limited to *occasional*[]" ("Dr. Sedgh's Opinion"). (AR 28, 412) (emphasis added). The ALJ, who instead assessed plaintiff with the residual functional capacity to do *frequent* handling and fingering (AR 26, 28-29), did not err to the extent he rejected Dr. Sedgh's Opinion.

As the ALJ noted, and the state agency medical consultants essentially found based on their review of the medical and other evidence in plaintiff's file, Dr. Sedgh's more restrictive limitations on plaintiff's manipulation abilities were not supported by Dr. Sedgh's own findings on examination of plaintiff's upper extremities (which were generally "unremarkable"), and also were not supported

9

by Dr. Sedgh's finding of positive Tinel's signs (which findings, according to the ALJ, had not been replicated by any other medical source since August 2011).³ (AR 28-29, 88, 109, 491); see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ need not accept medical opinion that is "inadequately supported by clinical findings").

To the extent plaintiff suggests that the medical evidence otherwise actually supports Dr. Sedgh's Opinion (Plaintiff's Motion at 7-8), this Court will not second guess the ALJ's reasonable determination that it does not, even if such evidence could give rise to inferences more favorable to plaintiff. See Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

**C.     Dr. John Cook**

Dr. Cook found in workers compensation terms the following "work restrictions" for plaintiff:

> [Plaintiff] is *prophylactically* precluded from very forceful or very repetitive performance of the following types of activities with either hand; gripping, lifting, pushing, pulling, twisting, or finger dexterity activities. [¶] [Plaintiff] is *prophylactically* precluded from writing with his right hand for longer than *five* continuous minutes and then requires a five-minute break before resuming a further *five* continuous minutes of writing.

(collectively Dr. Cook's Opinions"). (AR 380) (emphasis added). Plaintiff – who, in his recitation of Dr. Cook's Opinions, both omits the word "prophylactically" and uses "two" instead of "five" where italicized above (Plaintiff's Motion at 6) – challenges the ALJ's evaluation of Dr. Cook's opinions

---

³Tinel's sign is a tingling sensation at the end of a limb produced by tapping the nerve at a site of compression or injury. See Attorneys' Dictionary of Medicine, Matthew Bender & Company (2017).

regarding functional limitations in plaintiff's hands. The ALJ did not err to the extent he rejected Dr. Cook's Opinions.

First, as the ALJ noted, Dr. Cook's Opinions were provided on August 24, 2011 – several months before plaintiff's December 16, 2011 alleged onset date. (AR 22, 30, 380). See Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.") (citation omitted); see generally Williams v. Astrue, 493 Fed. Appx. 866, 868 (9th Cir. 2012) (clear that "ALJ must consider all medical opinion evidence" even reports that predate claimant's alleged onset date) (citations and quotation marks omitted).

Second, as noted above and not reflected in Plaintiff's Motion, Dr. Cook's Opinions actually state that plaintiff was "*prophylactically* precluded" from the various hand activities. (AR 380) (emphasis added). Since prophylactic measures are intended to prevent injury, recommendation of such measures in workers' compensation cases do not reflect existing limitations that, on their own, would be probative of a claimant's existing limitation that an ALJ in a Social Security case would be required to consider when evaluating residual functional capacity. Cf. Gelfo v. Lockheed Martin Corp., 140 Cal. App. 4th 34, 48 (2006) (In workers' compensation parlance, physicians recommend "prophylactic" restrictions for a worker who reaches "permanent and stationary" disability in order "to help avoid re-injury."); see generally Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002) (terms of art in California workers' compensation guidelines "not equivalent" to those in Social Security disability cases) (citing Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988)). Consequently, the ALJ could properly have disregarded Dr. Cook's recommendations entirely. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must provide an

///

explanation only when rejecting "significant probative evidence") (citation omitted).

Third, the ALJ also found that the work restrictions in Dr. Cook's Opinions lacked support in the medical record which, in part, reflected "little subsequent medical treatment and care" related to plaintiff's hand issues for "some 18 months" after Dr. Cook provided his opinions. Cf., e.g., Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected a treating physician's opinion who prescribed conservative treatment and where the plaintiff's activities and lack of complaints were inconsistent with the physician's disability assessment).

Finally, the ALJ properly rejected Dr. Cook Opinions (as well as those of Drs. Hong and Sedgh) in favor of the conflicting opinions of the state agency medical consultants, whose residual functional capacity assessment the ALJ essentially adopted. (Compare AR 26, with AR 87-88, 96-97, 108-09, 118-19). The opinions of the state agency medical consultants constituted substantial evidence supporting the ALJ's decision since – as the ALJ explained – they were consistent with and/or supported by other independent medical evidence in the record as a whole. (AR 26-28); See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[R]eports of [a] nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); see, e.g., Sportsman v. Colvin, 637 Fed.Appx. 992, 995 (9th Cir. 2016) ("ALJ did not err in assigning substantial weight to [] state agency medical consultant[] whose opinion relied on and was consistent with the medical evidence of record") (citation omitted).

///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 30, 2017

                                                                        /s/
                                      Honorable Jacqueline Chooljian
                                      UNITED STATES MAGISTRATE JUDGE